IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KENYON E. ROBERTSON,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendants.
______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, KENYON E. ROBERTSON, is a citizen of Rhode Island.

2. Defendant, CARNIVAL CORPORATION, is a corporation; incorporated under the laws of Panama having its principal place of business in the State of Florida, USA.

3. This matter falls under this Court's admiralty and maritime.

4. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in Florida and maintained offices and did business in Florida.

   b. Was engaged in substantial activity within Florida;

   c. Operated vessels in the waters of Florida;

   d. Committed one or more of the acts stated in Florida Statutes Sections 48.081, 48.181 and/or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in Florida and/or upon the high seas;

   f. The Defendant was engaged in the business of selling vacation cruises aboard the vessel, the *Carnival Victory*.

5. Defendant is subject to the jurisdiction of this Court.

6. The causes of action asserted in this Complaint arise under the General Maritime Law Of

the United States.

7. At all times material hereto, Defendant owned, operated or managed, maintained and/or controlled the vessel, the *Carnival Victory*.

8. On or about January 26, 2015, the Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters and/or upon the high seas.

9. As the Plaintiff was checking in his liquor purchase and employee of Carnival came out of a side door and ran a 7 foot cart into Plaintiff's foot causing him injury.

**COUNT 1- NEGLIGENCE**

10. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though fully alleged herein.

11. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances aboard its vessel, Carnival Victory.

12. On or about January 26, 2015, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

13. On or about January 26, 2015, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and /or employees as follows:

a. Failure to provide and adequate warning system for passengers;

b. Failure to provide adequate training to employees with regard to the operation of equipment;

c. Failure to promulgate and/or enforce adequate policies and procedures to prevent injuries caused by carts;

d. Failure to provide adequate instruction to passengers (including the Plaintiff) on preventing injuries from carts;

e. Failure to place proper safety equipment on the cart to prevent injuries;

f. Failure to notify passengers that carts might emerge from the doorway;

g. Failure to post signs warning passengers of the dangers that exist from employee's exiting the doorways with carts.

14. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being injured when the cart was pushed through the doorway by a Carnival employee striking the Plaintiff on the foot.

15. Defendant knew of the foregoing circumstances and conditions that could lead to injury to the Plaintiff but failed to correct said condition, in a timely fashion. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

16. As a result of the negligence of the Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and his working capacity has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

DATED this 6 day of January, 2016.

LAW OFFICES OF ROBERT DIXON
5963 Biscayne Blvd.
Miami, Florida 33137
Tel: (305) 917-1111
Fax: (305) 917-1112
Email: Litigation@FLaccidentattorney.com

By: ______________________
Frederick Gunion, Jr., Esq.
Florida Bar Number: 173692